UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORGAL SEATTLE PARTNERSHIP,

    Plaintiff,

  v.

NATIONAL SURETY CORPORATION, *et al.*,

    Defendants.

Case No. C11-0720RSL

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter comes before the Court on "Plaintiff's Motion for Partial Summary Judgment." Dkt. # 29. Plaintiff, the operator of an apartment building, seeks a finding that its insurer violated a number of Washington Administrative Code ("WAC") provisions while handling plaintiff's claim for insurance coverage. Plaintiff further argues that, once it has established a violation of the insurance regulations, it is also entitled to a finding that defendant violated the Washington Consumer Protection Act ("CPA").

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact that would preclude the entry of judgment as a matter of law. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The party seeking summary dismissal of a claim "bears the initial responsibility of informing the district court of the basis for its motion"

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

(<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)) and identifying those portions of the materials in the record that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)(1)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." <u>Celotex Corp.</u>, 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient:" the opposing party must present probative evidence in support of its claim or defense. <u>Arpin v. Santa Clara Valley Transp. Agency</u>, 261 F.3d 912, 919 (9th Cir. 2001); <u>Intel Corp. v. Hartford Accident & Indem. Co.</u>, 952 F.2d 1551, 1558 (9th Cir. 1991). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." <u>Triton Energy Corp. v. Square D Co.</u>, 68 F.3d 1216, 1221 (9th Cir. 1995).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, having heard the arguments of counsel, and taking the evidence in the light most favorable to defendant, the Court finds as follows:

**A. WAC 284-30-330(4)**

Washington Administrative Code 284-30-330 identifies particular claims settlement practices that are unfair.[1] Plaintiff argues that the insurer refused to pay plaintiff's June 2010 claim "without conducting a reasonable investigation," in violation

---

[1] RCW 48.30.010(1) prohibits insurers from engaging in unfair or deceptive acts or practices in the business of insurance. <u>Indus. Indem. Co. of Nw., Inc. v. Kallevig</u>, 114 Wn.2d 907, 922 (1990). In addition to the unfair practices set forth in the statutes, the insurance commissioner was given the power to "define other ... acts and practices ... reasonably found by the commissioner to be unfair or deceptive." RCW 48.30.010(2). Pursuant to this rule-making authority, the insurance commissioner has issued WAC 284-30 *et seq.*, defining a number of unfair or deceptive acts or practices in the business of insurance.

of WAC 284-30-330(4).[2] By the time plaintiff submitted the June 2010 claim, however, the envelope of the building had been restored and all of the "hidden decay" had been torn out and replaced. Although a site visit was not conducted immediately, defendant sought other types of evidence regarding the nature and extent of the "hidden decay" (such as photographs and the results of any testing plaintiff performed) and engaged an engineer to evaluate plaintiff's damage report and estimates. In these circumstances, a reasonable factfinder could conclude that defendant conducted a reasonable investigation. Plaintiff has not established a violation of WAC 284-30-330(4) as a matter of law.

**B. WAC 284-30-350(3)**

An insurer may not "deny a claim for failure to exhibit the property without proof of demand and unfounded refusal by a claimant to do so." WAC 284-30-350(3). Plaintiff asserts that defendant denied coverage for failure to exhibit in violation of this regulation and offers as evidence the denial letter which quotes the "permit us to inspect" provision of the policy. The policy provision quoted in the denial letter imposes two separate but related obligations on the insured: (1) to permit inspection of the property and (2) to permit the taking of samples of damaged property for inspection, testing, and analysis. Defendant's denial letter is based on a violation of the latter obligation, not the former. The adjuster specifically noted that the completed repairs deprived the insurer of an "opportunity to inspect or test the newly-discovered damage to determine if it constituted a collapse condition, to make sure it was damage distinct from that already paid for, and to establish the amount of damage." Dkt. # 29-35 at NSC 00240. Plaintiff has not established a violation of WAC 284-30-350(3) as a matter of

---

[2] Although the factual basis for plaintiff's WAC 284-30-330(4) claim is unclear, the Court assumes, for purposes of this motion, that plaintiff is not challenging the handling of the July 2008 claim: defendant did not refuse to pay that claim.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

law.

## C. WAC 284-30-360(3)

Insurers are required to provide an appropriate reply to "pertinent communications from a claimant reasonably suggesting that a response is expected" within ten working days. WAC 284-30-360(3). Defendant violated this regulation while processing the July 2008 claim.[3] A letter dated November 20, 2008, for example, clearly stated that a response was expected but received no acknowledgment or reply until December 30, 2008.[4] Dkt. # 29-10 and # 29-11. See also Dkt. # 29-19 and # 29-21; Dkt. # 29-23 and # 29-24. Defendant weakly argues that these regulatory violations should be excused because the insured had reasonable justification for its failures to communicate. Even if the failure to comply with an express provision of the law could, in some circumstances, be excused,[5] defendant offers no explanation for its failure to timely acknowledge, much less substantively respond to, reasonable inquiries from its insured.

## D. WAC 284-30-360(4)

"Upon receiving notification of a claim, every insurer must promptly provide necessary claim forms, instructions, and reasonable assistance so that first party claimants can comply with the policy conditions and the insurer's reasonable

---

[3] The communications regarding the June 2010 claim identified by plaintiff in its memoranda either do not reasonably suggest that a response was expected (Dkt. # 29-29) or show that defendant timely responded (Dkt. # 29-32 and # 29-33).

[4] Defendant asserts that its adjuster received and reviewed the letter on or about November 26th. Even if the Court assumes the delay in receipt is plaintiff's fault, the response was still untimely under WAC 284-30-360(3).

[5] In making this argument, defendant relies on cases interpreting WAC 284-30-330(7), which makes it an unfair practice to offer in settlement of a claim substantially less than the amount the insured ultimately recovers. In that context, Washington courts have inferred a reasonableness standard, such that "the issue turns on whether the insurer had reasonable justification for its low settlement offer." Anderson v. State Farm Mut. Ins. Co., 101 Wn. App. 323, 335 (2000).

requirements." WAC 284-30-360(4). Plaintiff contends that, despite its repeated inquiries regarding how to proceed with the investigation and documentation of the damage, defendant failed to provide the instructions and assistance that would have allowed plaintiff to safeguard the claim for additional damages that was ultimately presented in June 2010. Dkt. # 29 at 14. Genuine issues of material fact exist regarding the reasonableness of the assistance provided by defendant. If, as defendant maintains, the parties negotiated a complete and final payment of the claim based on the exemplary testing done in 2008 and 2009, it would not be at all surprising that defendant did not instruct plaintiff on how to preserve claims for additional damage that might be discovered during the repair. Plaintiff has not established a violation of WAC 284-30-360(4) as a matter of law.

**E. WAC 284-30-380(3)**

> If the insurer needs more time to determine whether a first party claim should be accepted or denied, it must notify the first party claimant within fifteen working days after receipt of the proofs of loss giving the reasons more time is needed. If after that time the investigation remains incomplete, the insurer must notify the first party claimant in writing stating the reason or reasons additional time is needed for investigation. This notification must be sent within forty-five days after the date of the initial notification and, if needed, additional notice must be provided every thirty days after that date explaining why the claim remains unresolved.

WAC 284-30-380(3). The handling of the July 2008 claim involved long periods in which the insured did not hear from its insurer. Although the insurer was not necessarily idle during these periods, it did not keep its insured apprised of the status of its investigation and placed the onus on the insured to initiate contact between the parties. The lack of periodic explanations regarding the status of the 2008 claim is undisputed. Dkt. # 29-1 at 26-27.

Defendant argues, however, that the obligation to provide monthly status

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

1 reports was never triggered because defendant did not require, and plaintiff did not
2 provide, "a signed, sworn statement of loss." Dkt. # 36 at 22. "Proofs of loss" is not
3 defined in the regulations, and defendant offers no case law or argument in support of its
4 assumption that a proof of loss must be either signed or sworn. Washington courts have
5 held that "'proof' means sufficient notice to allow insurers to evaluate their rights and
6 liabilities and to investigate claims." Van Noy v. State Farm Mut. Auto. Ins. Co., 98
7 Wn. App. 487, 494 (1999). Although there was a period of time following the initial
8 notice of the loss in which defendant could reasonably have been confused about
9 whether a claim was being made (see Dkt. # 37, Ex. B), by the end of August 2008
10 defendant had enough information to know that its duties to investigate and make a
11 coverage determination had been triggered (see Dkt. # 37, Ex. D). To read WAC 284-
12 30-380(3) as requiring some particular form of "proof of loss" would allow insurers to
13 avoid their notice and reporting obligations altogether or to postpone them until the
14 investigation is complete and the full extent of the loss had already been ascertained.
15 Such an interpretation would frustrate the clear purpose of the regulation and is contrary
16 to the governing case law.

**F. WAC 284-30-330(2)**

Plaintiff asserts that the gaps in communication between the parties constitute violations of the insurer's duty "to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies." WAC 284-30-330(2). The reasonableness of the insurer's actions is an issue of fact that cannot be determined as a matter of law on the existing record.

**G. WASHINGTON CONSUMER PROTECTION ACT**

For purposes of the CPA, the commission of any of the acts defined in WAC 284-30 constitutes a *per se* unfair trade practice. Leingang v. Pierce County Med. Bureau, Inc., 131 Wn.2d 133, 151 (1997). A violation of the insurance regulations

1 | therefore satisfies at least the first two elements of a CPA claim. <u>Indus. Indem. Co. of Nw., Inc. v. Kallevig</u>, 114 Wn.2d 907, 922-23 (1990); <u>Ledcor Indus. (USA), Inc. v. Mut. of Enumclaw Ins. Co.</u>, 150 Wn. App. 1, 12-13 (2009). <u>See</u> <u>Shields v. Enterprise Leasing Co.</u>, 139 Wn. App. 664, 675 (2007) ("An insured can show an unfair or deceptive practice that impacts the public interest by establishing a violation of the regulations related to unfair insurance company practices as set forth in WAC 284-30."). Plaintiff must still, however, show that the regulatory violation caused it injury in its business or property. <u>Ledcor Indus.</u>, 150 Wn. App. at 12-13. Because plaintiff has not addressed these elements of its CPA claim, it is not entitled to judgment as a matter of law.

For all of the foregoing reasons, plaintiff's motion for partial summary judgment (Dkt. # 29) is GRANTED in part. Plaintiff has established violations of WAC 284-30-360(3) and WAC 284-30-380(3) as a matter of law.

Dated this 19th day of April, 2012.

*[signature: Robert S. Lasnik]*

Robert S. Lasnik
United States District Judge